IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **DANIEL P. BOYD,** | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v. | *   Civil Case No. SAG-23-00799<br>* |
| **AMAZON.COM, INC.,** | *<br>* |
| Defendant. | *<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Daniel P. Boyd ("Plaintiff") filed a Complaint against his employer, Amazon.com Services LLC ("Amazon"),[1] alleging hostile work environment, discrimination, retaliation, and intentional infliction of emotional distress. ECF 1. Amazon filed a motion to dismiss pursuant to Rule 12(b)(6). ECF 5. This Court has reviewed the motion, the opposition filed by Plaintiff, and the reply filed by Amazon. ECF 13, 15. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the motion to dismiss will be granted.

I.     **FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Complaint, ECF 1, the attachment to the Complaint, ECF 1-1, and the EEOC charge Plaintiff filed.[2] ECF 5-2.

---

[1] As noted by Defendant, Plaintiff incorrectly named his employer as "Amazon.com, Inc." ECF 5-1.

[2] Although Plaintiff did not attach the EEOC charge to the Complaint or make specific reference to it (other than attaching the EEOC's dismissal notice to the Complaint), the Court may consider the charge at this stage because Amazon attached it to its motion to dismiss and "[c]ourts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." *Bowie v. Univ. of Md. Med. Sys.*, No. 14-cv-3216-ELH, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) (collecting cases).

Plaintiff filed an EEOC charge on January 6, 2023, alleging that his supervisor and co-workers subjected him to discrimination based on his "race (White) and religion (Jewish)" and that he was "retaliated against for engaging in a protected activity when [he] was assigned to a less desirable work location." *Id.* The EEOC charge alleged that the discrimination occurred between 05/05/2021 and 06/04/2021. *Id.* The EEOC dismissed Plaintiff's charge because it "was not filed within the time limits under the law." ECF 1-1.

In his Complaint in this Court, Plaintiff does not specify the dates of any of the conduct he alleges. ECF 1. He describes a series of instances when he had disputes with Amazon drivers and sought to file complaints, but his supervisors either did not assist him in doing so or told him they filed complaints for him when they actually did not. *Id.* at 2–4. In one such incident, Plaintiff requested that a driver speak in English instead of another language, and the driver filed a complaint against Plaintiff that the supervisor did not pursue. *Id.* at 3.

Plaintiff's Complaint lists four causes of action: (1) hostile work environment; (2) national origin discrimination; (3) retaliation; and (4) intentional infliction of emotional distress.

## II.   LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the

rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v.*

*Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.   ANALYSIS

#### A.   Motions to Dismiss

Amazon cites two bases for dismissal in this matter: (1) Plaintiff's failure to exhaust administrative remedies; and (2) the failure to plead facts supporting viable claims under any of Plaintiff's cited causes of action. As set forth below, dismissal is warranted on both grounds.

##### 1. **Exhaustion of Administrative Remedies**

Plaintiff's failure to exhaust his administrative remedies takes several forms. First, the claims in Plaintiff's Complaint are not the same claims he set forth in his EEOC charge. His EEOC charge alleged race discrimination, religious discrimination, and retaliation involving his assignment to a "less desirable work location." ECF 5-2. Plaintiff's Complaint does not mention his race, his religion, or his assignment to any particular work location. Instead, it alleges national origin discrimination, along with a retaliation claim that only discusses managerial decisions to ignore Plaintiff's complaints.[3] That set of claims was never presented to the EEOC at any time, and therefore those claims have not been exhausted as required.

---

[3] Plaintiff's civil cover sheet also references "ADEA discrimination," but there is no mention of any age-based claim in the text of the Complaint. This may be one of what appears to be several

4

Second, even if any of the claims outlined in the EEOC charge were determined to be included in this Complaint, that charge was not timely filed before the EEOC. Plaintiff seems to concede untimeliness, instead arguing that he is entitled to equitable tolling. ECF 13 at 3–5. He cites the appropriate equitable tolling standard, which is that there must be "some form of misconduct by the defendant" or "active deception" to "conceal a cause of action." *Lekas v. United Airlines, Inc.,* 282 F.3d 296, 301 (4th Cir. 2002). The Complaint contains no allegations of any misconduct or active deception by Amazon that might support a finding of equitable tolling. Plaintiff cannot amend his Complaint through his opposition. And even the allegations in his opposition, which simply suggest that Plaintiff believed Amazon would be taking actions to address his complaints, do not amount to conduct that would allow equitable tolling. *See Huff v. Bd. of Governors,* 334 F. App'x 583, 584 (4th Cir. 2009) (finding "no facts that would merit the application of equitable tolling or estoppel" where the defendant expressly declined to provide the plaintiff information about an ongoing investigation despite plaintiff's request). Here, Plaintiff has alleged no action taken by Amazon to conceal anything. Plaintiff simply erroneously believed his claims were being investigated further when they were not.[4] That unilateral misunderstanding does not entitle him to equitable tolling. Because he did not properly exhaust his administrative remedies, his discrimination and retaliation claims cannot lie.

---

instances where Plaintiff's counsel failed to eliminate language pertaining to other cases from his filings in this case.

[4] While not pertinent to this analysis, this Court notes that Plaintiff's present contentions that he believed his complaints remained under investigation contradict his express contentions in his EEOC charge that he had been advised of the outcomes. *See* ECF 5-2 ("[W]eeks later I received an email from Ms. Kearns stating that the investigation was closed as there was no fault found with the company" and "[a]gain, I was informed Respondent did nothing wrong and that I could report back to work.").

### 2. Failure to Plead Viable Claims

All of Plaintiff's claims are also inadequate under the *Iqbal/Twombly* pleading standard. Regarding a hostile work environment, the Complaint contains no factual allegations suggesting that any of the disputes between Plaintiff and the drivers, or any actions taken or not taken by Plaintiff's supervisors, were premised on his membership in any protected class. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than rude treatment by coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor" do not suffice) (citations and internal quotations omitted); *see also Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (finding a workplace dispute and "some perhaps callous behavior by her superiors" insufficient for a plaintiff to establish severe or pervasive activity, even at the Rule 12(b)(6) stage); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003) (determining that "disrespectful, frustrating, critical, and unpleasant" workplace interactions do not create a hostile work environment); *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (affirming summary judgment of hostile work environment claim where the plaintiff's supervisor "never made any derogatory comments about [the plaintiff's] race or age, and nothing about his conduct suggests it was based on these factors"). A "hostile work environment" is not simply an unpleasant one, it must be premised on the plaintiff's membership in a protected class to be actionable.

Additionally, Plaintiff's national origin discrimination claim is deficient. To establish discrimination, a plaintiff must show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *Gerner v. County of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012). An adverse employment action must negatively impact the terms,

conditions, or benefits of the plaintiff's employment. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 62 (2006); *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). Common examples include discharge, demotion, decrease in pay or benefits, loss of job title or supervisor responsibility, or reduced opportunities for promotion. *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). With respect to Plaintiff's allegations about the driver who was not speaking English (the only allegations that might remotely relate to Plaintiff's national origin), Plaintiff expressly alleges that the supervisor did not pursue the driver's complaint against him. Thus, the terms and conditions of his employment were not affected.

Plaintiff's retaliation claim is equally deficient. Plaintiff simply alleges that various supervisors did not file or did not credit his complaints. He does not connect those actions, temporally or otherwise, to his attempts to file other such complaints in any way that might set forth a plausible retaliation claim.

Finally, Plaintiff asserts a claim for intentional infliction of emotional distress under Maryland law. ECF 1 at 6. The elements of such a claim are: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe. *See Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). Under Maryland law, "the tort of intentional infliction of emotional distress is rarely viable." *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 247 (D. Md. 1997). A plaintiff must plead and prove each element with specificity. *See Foor v. Juvenile Servs. Admin.*, 552 A.2d 947, 956 (Md. 1989) ("[B]ald and conclusory allegations will not suffice"). Intentional infliction of emotional distress is not a tort to be widely invoked. In fact, Maryland courts have cautioned that the tort of intentional infliction of emotional distress should be imposed sparingly, and "its balm reserved for those wounds that are truly severe and incapable

of healing themselves." *Figueiredo–Torres v. Nickel*, 584 A.2d 69, 75 (Md. 1991) (citations omitted); *see also Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 804–08 (D. Md. 2001). Moreover, even demonstrating a defendant's intent to cause emotional distress is insufficient. "If a defendant intends to cause a plaintiff emotional distress and succeeds in doing so, the defendant is nonetheless *not* liable unless his or her conduct is also extreme and outrageous." *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663, 670–71 (1992) (emphasis in original) (citations omitted). Liability accrues only "for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. The requirements of the rule are rigorous, and difficult to satisfy." *Id.* at 670 (citations omitted).

Plaintiff's allegations simply do not come close to pleading a viable claim. A failure to file an employee's complaint is not the type of conduct "exceeding all bounds usually tolerated by decent society." *Id.* And Plaintiff has alleged no "mental distress of a very serious kind," *id.*, only that he experienced some worry and began parking in a different location. *See Moniodis v. Cook,* 494 A.2d 212, 219 (Md. Ct. Spec. App. 1985) (requiring that a plaintiff demonstrate a "severely disabling emotional response" such that he "was emotionally unable, even temporarily, to carry on to some degree with the daily routine" of his life). His intentional infliction claim, therefore, will also be dismissed.

**CONCLUSION**

For the reasons set forth above, Amazon's motion to dismiss, ECF 5, will be GRANTED and the case will be closed. A separate Order follows.

Dated:  August 31, 2023                          /s/
                                                 Stephanie A. Gallagher
                                                 United States District Judge

8